UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NAKIA SHANNON,

        Plaintiff,

v.                                                      Case No. 09-C-207

FOOT LOCKER,

        Defendant.

## DECISION AND ORDER

The plaintiff, Nakia Shannon, filed a *pro se* complaint on February 26, 2009, alleging that she was fired from her position as an assistant manager at a Foot Locker store in Racine, Wisconsin. The matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*. The petition will be denied.

In order to authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and second, whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a) and (e)(2). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

The court has reviewed the plaintiff's affidavit of indigence and is satisfied that she is unable to pay the costs of commencing this action. 28 U.S.C. § 1915(a). The plaintiff must next demonstrate that her action has merit as required by 28 U.S.C.

§ 1915(e)(2). An action is frivolous for purposes of Section 1915(d) if there is no arguable basis for relief either in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal courts are courts of limited jurisdiction and may adjudicate a case only if there is both constitutional and statutory authority for federal jurisdiction. *See* Erwin Chemerinsky, Federal Jurisdiction at 248 (2nd ed. 1994). A person seeking to invoke federal jurisdiction has the burden of proof to demonstrate at the outset that the federal court has the authority to hear the case. *See McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 182-89 (1936); *see also*, *Moore v. General Motors Pension Plans*, 91 F.3d 848, 850 (7th Cir. 1996).

The presence of federal question jurisdiction is determined by the plaintiff's complaint. A district court's federal question jurisdiction extends over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right necessarily depends on resolution of a substantial question of federal law", in that "federal law is a necessary element of one of the well-pleaded . . . claims." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 808 (1988) (citations omitted). In addition to federal question jurisdiction, a federal court has subject matter jurisdiction over cases in which there is diversity of citizenship of the parties and the amount in controversy is greater than $ 75,000. See 28 U.S.C. § 1332.

The plaintiff's complaint does not allege any federal law claims against the defendant. The plaintiff's complaint fails to allege a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* as the plaintiff does not allege that she was fired as a result of her membership in a protected class. Thus, based upon a review of the complaint, the court does not discern a cognizable claim under the Constitution, laws, or treaties of the United States. Accordingly, there is no federal question upon which to base subject matter jurisdiction in this case. Thus, the court has subject matter jurisdiction over the plaintiff's complaint only if there is diversity of citizenship and the amount in controversy is greater than $75,000.

Section 1332 of Title 28 of the United States Code provides in relevant part:

> (a) the district courts shall have original jurisdiction of all civil cases where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
> (1) citizens of different States[.]

Although the parties are of diverse citizenship, the plaintiff does not allege a cognizable state law claim. Under Wisconsin law, employees hired for an unspecified amount of time without a formal written employment contract are employees at will. *See Heinritz v. Lawrence Univ.*, 194 Wis. 2d 606, 611, 535 N.W.2d 81, 83 (Wis. Ct. App. 1995) (citing *Brockmeyer v. Dun & Bradstreet*, 113 Wis. 2d 561, 566-67, 335 N.W.2d 834, 837 [Wis. 1983]). An at-will employee only has a cause of action for wrongful discharge if the employee establishes that the discharge was contrary to a fundamental and well-defined public policy. *Brockmeyer*

Case 2:09-cv-00207-PJG    Filed 04/10/09    Page 3 of 4    Document 3

*v. Dun & Bradstreet*, 113 Wis. 2d 561, 573, 335 N.W.2d 834, 840 (Wis. 1983). Nothing in the complaint suggests that the plaintiff's discharge was contrary to fundamental and well-defined public policy. Moreover, even if the plaintiff alleged a state law claim, the amount in controversy is not greater than $75,000. Therefore, this court lacks subject matter jurisdiction over the plaintiff's complaint.

Accordingly, in light of the foregoing, the plaintiff's request to proceed *in forma pauperis* in this action will be denied and this action will be dismissed.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's petition to proceed *in forma pauperis* be and hereby is **DENIED** and that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 10th day of April, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Case 2:09-cv-00207-PJG   Filed 04/10/09   Page 4 of 4   Document 3